SEALED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60102-CR-Zloch-Hunt

18 U.S.C. § 371
18 U.S.C. § 641
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

UNITED STATES OF AMERICA

vs.

PETE HOGGINS and
HANI SOBHI ALSHAIKH,
a/k/a "Danny,"

Defendants.
_____/

FILED BY _____ D.C.

MAY 19 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
(Conspiracy to Commit Forgery and Theft of Public Money – 18 U.S.C. § 371)

1.  Beginning in or around December 2011, through in or around January 2014, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**PETE HOGGINS
and
HANI SOBHI ALSHAIKH,
a/k/a "Danny,"**

did knowingly and willfully conspire with each other and with other persons known and unknown to the Grand Jury to commit an offense against the United States, namely:

(a) to knowingly buy, sell, exchange, receive, deliver, retain and conceal United States Treasury checks ("Treasury checks"), knowing that such Treasury checks were stolen and

1

bore falsely made and forged endorsements and signatures, in violation of Title 18, United States Code, Section 510(b); and

(b) to knowingly receive, conceal and retain any record, voucher, money and thing of value of the United States and of any department thereof, that is, United States Treasury checks, with intent to convert them to their own use and gain, knowing such checks to have been stolen, purloined, and converted, and in the aggregate exceeded the sum of $1,000, in violation of Title 18, United States Code, Section 641.

## OBJECT AND PURPOSE OF THE CONSPIRACY

2. It was the object and purpose of the conspiracy for the defendants to unjustly enrich themselves by endorsing and cashing stolen and fraudulently obtained United States Treasury checks.

## OVERT ACTS

3. In furtherance of the conspiracy and to achieve the object and purpose thereof, at least one co-conspirator committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

(i) On multiple occasions beginning in or around December 2011, and continuing through in or around January 2014, PETE HOGGINS met with HANI SOBHI ALSHAIKH at the Sunoco gas station located at 1501 South Cypress Road, Pompano Beach, Florida 33060, where ALSHAIKH worked, and brought ALSHAIKH stolen and fraudulently obtained Treasury checks to cash.

(ii) On multiple occasions beginning in or around December 2011, and continuing through in or around January 2014, PETE HOGGINS and HANI SOBHI ALSHAIKH forged the payee's endorsement on the stolen and fraudulently obtained United

States Treasury checks provided by HOGGINS.

(iii) On multiple occasions beginning in or around December 2011, and continuing through in or around January 2014, after HOGGINS brought ALSHAIKH the checks, ALSHAIKH deposited those checks into several different business checking accounts that he opened at various banks in the name of his company, HSA INVESTMENT GROUP LLC ("HSA").

(iv) On or about November 27, 2013, HANI SOBHI ALSHAIKH opened a business checking account for HSA at Regions bank, account ending in 1558 ("Regions account").

(v) On or about December 17, 2013, PETE HOGGINS brought HANI SOBHI ALSHAIKH a stolen Treasury check made payable to "T.S" and "G.S." in the amount of $1,370, and ALSHAIKH deposited it into the Regions account.

(vi) On or about January 4, 2014, HANI SOBHI ALSHAIKH opened a business checking account for HSA at Bank of America, account ending in 0303 ("BOA account").

(vii) On or about January 10, 2014, PETE HOGGINS brought HANI SOBHI ALSHAIKH a stolen Treasury check made payable to "J.S." in the amount of $4,333.68, and ALSHAIKH deposited it into the BOA account.

All in violation of Title 18, United States Code, Section 371.

**COUNTS 2-7**
(Theft of Public Money - 18 U.S.C. § 641)

1. On or about the dates listed below, in Broward County, in the Southern District of Florida and elsewhere, the defendants,

**PETE HOGGINS**
**and**
**HANI SOBHI ALSHAIKH,**
**a/k/a "Danny,"**

did knowingly, willfully, and without authority, sell, convey and dispose of a thing of value of the United States, that is, United States Treasury checks issued by the Department of the Treasury, a department of the United States government, as more specifically described in each Count below:

| COUNT | DEFENDANT(S) | APPROXIMATE DATE | CHECK NUMBER AND AMOUNT |
|---|---|---|---|
| 2 | PETE HOGGINS and HANI SOBHI ALSHAIKH | 12/17/13 | 403402621924 in the amount of $1,370 |
| 3 | PETE HOGGINS and HANI SOBHI ALSHAIKH | 01/10/14 | 403403463929 in the amount of $4,333.68 |
| 4 | PETE HOGGINS | 02/14/14 | 403404412071 in the amount of $4,187 |
| 5 | PETE HOGGINS | 02/14/14 | 205999277613 in the amount of $515 |
| 6 | PETE HOGGINS | 02/19/14 | 403404371827 in the amount of $3,541 |
| 7 | PETE HOGGINS | 02/21/14 | 403404825907 in the amount of $4,365 |

All in violation of Title 18, United States Code, Sections 641 and 2.

**COUNTS 8-10**
(Aggravated Identity Theft – 18 U.S.C. § 1028A)

1.   On or about the dates listed below, in Broward County, in the Southern District of Florida and elsewhere, the defendant,

**PETE HOGGINS,**

during and in relation to a felony violation of Title 18, United States Code, Section 641, that is, theft of public money, as charged in Counts 4 through 6 of this Indictment, did knowingly

possess and use, without lawful authority, the means of identification of another person, as more specifically described in each Count below:

| COUNT | APPROXIMATE DATE | PREDICATE COUNT | MEANS OF IDENTIFICATION |
|---|---|---|---|
| 8 | 02/14/14 | 4 | The fraudulent endorsement of the name belonging to "T.M." on the back of the U.S. Treasury check. |
| 9 | 02/14/14 | 5 | The fraudulent endorsement of the name belonging to "L.B." on the back of the U.S. Treasury check. |
| 10 | 02/19/14 | 6 | The fraudulent endorsement of the name belonging to "A.E." on the back of the U.S. Treasury check. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## CRIMINAL FORFEITURE

1.     The allegations in Counts 1 through 7 of this Indictment are hereby re-alleged and incorporated by this reference for purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), to the United States of America.

2.     Upon conviction of any of the offenses as alleged in Counts 1 through 7 of this Indictment, defendants **PETE HOGGINS and HANI SOBHI ALSHAIKH** shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), and the procedures set forth at Title 21, United States Code, Section 853.

3.     If the property described above as being subject to forfeiture, as a result of any act

or omission of the Defendant,

    (1) cannot be located upon the exercise of due diligence;
    (2) has been transferred or sold to, or deposited with a third person;
    (3) has been placed beyond the jurisdiction of the Court;
    (4) has been substantially diminished in value; or
    (5) has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_Thomas J. Mulerhill for_
WIFREDO A. FERRER
UNITED STATES ATTORNEY

ALICIA E. SHICK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

vs.

**Pete Hoggins and**
**Hani Sobhi Alshaikh, a/k/a "Danny"**
_____ Defendants. /

**CERTIFICATE OF TRIAL ATTORNEY***

Superseding Case Information:

**Court Division**: (Select One)

Miami _____   Key West _____
FTL __X__   WPB _____   FTP _____

New Defendant(s) _____
Number of New Defendants _____
Total number of counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   __No__
   List language and/or dialect   _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | I   | 0 to 5 days       | __x__ |
   | II  | 6 to 10 days      | ____ |
   | III | 11 to 20 days     | ____ |
   | IV  | 21 to 60 days     | ____ |
   | V   | 61 days and over  |      |

   (Check only one)

   | Petty   | ____ |
   | Minor   | ____ |
   | Misdem. | ____ |
   | Felony  | __X__ |

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __No__
   If yes:   Magistrate Case No.
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the
   District of _____

   Is this a potential death penalty case? (Yes or No) _____Yes  __X__ No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes   No __X__

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes   No __X__

_____
ALICIA E. SHICK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0124842

*Penalty Sheet(s) attached

REV.9/11/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Pete Hoggins

**Case No**: _____

Count #: 1

Conspiracy to Commit Forgery and Theft of Public Money

Title 18, United States Code, Section 371

* **Max. Penalty:** Five (5) years' imprisonment, three (3) years supervised release. $250,000 fine

Counts #: 2-7

Theft of Public Money

Title 18, United States Code, Section 641

*** Max. Penalty**: Ten (10) years' imprisonment, three (3) years supervised release. $250,000 fine

Counts #: 8-10

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)

***Max. Penalty:** Mandatory two (2) years imprisonment consecutive to any other sentence imposed; one (1) year supervised release: $250,000 fine

Count #:

_____

_____

*Max. Penalty:

Count #:

_____

_____

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Hani Sobhi Alshaikh, a/k/a "Danny"

**Case No:** _____

Count #: 1

Conspiracy to Commit Forgery and Theft of Public Money

Title 18, United States Code, Section 371

* **Max. Penalty:** Five (5) years' imprisonment, three (3) years supervised release. $250,000 fine

Counts #: 2-3

Theft of Public Money

Title 18, United States Code, Section 641

***Max. Penalty:** Ten (10) years' imprisonment, three (3) years supervised release. $250,000 fine

Counts #:

_____

*__Max. Penalty:__

Count #:

_____

*__Max. Penalty:__

Count #:

_____

*__Max. Penalty:__

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.